**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**KELLOGG'S INC., dba Kellogg Mills, Respondent.**

**No. 19734.**

United States Court of Appeals
Ninth Circuit.

May 21, 1965.

[redacted]

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Joseph C. Thackery, Sol Hirsh, Attys., N. L. R. B., Washington, D. C., for petitioner.

Eli A. Weston, Weston & Weston, Boise, Idaho, for respondent.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Respondent, Kellogg's Inc., processes and sells feed, seeds, fertilizers and kindred commodities at Nampa, Idaho. On October 25, 1963, the general counsel of the National Labor Relations Board, herein petitioner, issued a complaint which alleged that respondent had refused to bargain with the union [1] as the exclusive bargaining representative of its employees, thereby violating sections 8(a) (1) and (5) of the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq.[2] After a hearing the Trial Examiner found that at the time of the alleged violation, the union was the majority representative of the respondent's

1. American Federation of Grain Millers, AFL-CIO.

2. The Board's jurisdiction is conceded.

employees in a unit appropriate for collective bargaining, that the respondent did not entertain a good faith doubt of the union's majority status, that the respondent refused to bargain with the union, and that such refusal constituted an unfair labor practice as alleged in the complaint. On the basis of these findings the Trial Examiner ordered the respondent to bargain collectively with the union and to post appropriate notices. On review of the Trial Examiner's report, the Board adopted the Trial Examiner's findings, conclusions and recommendations, and entered an order consistent therewith.

■ This case is now before this court upon petition of the Board for enforcement of its order issued against respondent on June 4, 1963. The issues before the Trial Examiner were—

1. Did the respondent refuse to bargain with the union?

2. Did the union represent a majority of respondent's employees at the time of the respondent's refusal to bargain?

3. If the union represented a majority on that date, did the respondent nevertheless in good faith doubt the majority status of the union on that date?

The Trial Examiner found against respondent on all three issues. Since these issues are questions of fact, the sole issue before this court is whether the relevant findings of the Trial Examiner, adopted by the Board, are supported by "substantial evidence on the record considered as a whole." Universal Camera Corporation v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1950). The undisputed evidence fully supports the Board's findings.

■ Respondent attempts to refute the clear import of the record by pointing to the fact that after the respondent refused to negotiate with the union, the five employees who had signed authorization cards for the union then signed similar cards authorizing a rival union to represent them. The argument

was properly rejected in the case of Snow v. N. L. R. B., 308 F.2d 687 (9th Cir. 1962):

"The fact as to whether an employer entertained a genuine doubt that a union represents a majority of the employees is to be determined as of the time the employer refused to recognize the union. Once it is shown that the employer entertained no genuine doubt of this kind at the time it refused to bargain, an unfair labor practice has been established. The fact that, as it later developed, there were grounds which might have created a genuine doubt at that time is then immaterial."

The petition to enforce the order of the Board is granted.